IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN A. MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:14-CV-3282-D |
| VS. | § | |
| | § | |
| CAPITAL ONE, N.A., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Capital One, N.A. ("Capital One") moves to dismiss this action with prejudice, or, in the alternative, for a continuance, to compel, and for sanctions.[1] For the reasons that follow, the court grants the motion in part and denies it in part.[2]

I

This is an action by plaintiff Carolyn A. Moore ("Moore") to recover from Capital One under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*; and the Texas

---

[1]Capital One filed the motion on February 5, 2016 as an emergency motion. On February 9, 2016 the court ordered that the motion be decided on a non-emergency basis under the normal briefing rules.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

Commission on Human Rights Act,[3] Tex. Labor Code Ann. § 21.001 *et seq.* (West 2016), alleging claims for age and race discrimination and for retaliation.[4] Capital One contends in the instant motion that Moore has repeatedly refused to properly engage in discovery and has failed to comply with the court's discovery orders. Capital One therefore moves the court to dismiss Moore's claims with prejudice and award Capital One attorney's fees and costs. Alternatively, Capital One asks the court to (1) compel Moore to fully and completely amend/supplement her discovery responses and warn her that any failure to do so will result in immediate dismissal of this case with prejudice; (2) allow Capital One to resume Moore's deposition outside the discovery period and conduct discovery on any additional information revealed during Moore's deposition or supplemental discovery responses, including obtaining relevant third-party records and producing additional documents; (3) extend the summary judgment and other motions deadline to June 10, 2016, at the earliest; and (4) continue the trial setting and all other outstanding pretrial deadlines accordingly.

---

[3]As the court noted in *King v. Enterprise Leasing Co. of DFW*, 2007 WL 2005541 (N.D. Tex. July 11, 2007) (Fitzwater, J.): "'Chapter 21 was entitled the Texas Commission on Human Rights Act until the abolishment of the Commission on Human Rights. In 2004, the 'powers and duties' of the Commission on Human Rights were transferred to the Texas Workforce Commission Civil Rights Division.'" *Id*. at *1 n.1 (quoting *Tex. Dep't of Criminal Justice v. Guard*, 2007 WL 1119572, at *2 n.3 (Tex. App. 2007, no pet.) (not designated for publication)).

[4]Although Moore does not allege a claim for retaliation in the "Cause[s] of Action" section of her state court petition, she alleges in the fact section that she was given a poor performance review and was eventually terminated in retaliation for reporting discrimination to the Human Resources Department.

II

The court denies Capital One's motion to dismiss Moore's claims with prejudice.

A

A court may sanction a party who fails to attend her own deposition or obey an order to provide or permit discovery. *See* Fed. R. Civ. P. 37(b)(2)(A) & (d)(1). Appropriate sanctions may include an order dismissing the action, in whole or in part, and the district court's discretion to impose that sanction is broad. *See* Rule 37(b)(2)(A)(i)-(vii) & 37(d)(3); *Moore v. CITGO Ref'g & Chems. Co.*, 735 F.3d 309, 315 (5th Cir. 2013) (citing *Bluitt v. Arco Chem.*, 777 F.2d 188, 191 (5th Cir. 1985)). Several conditions must be satisfied, however, before the sanction of dismissal can be imposed for violating a discovery order: (1) "the refusal to comply [must] result[] from willfulness or bad faith and [be] accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction must not substantially achieve the desired deterrent effect. *Doe v. Am. Airlines*, 283 Fed. Appx. 289, 291 (5th Cir. 2008) (per curiam) (citation omitted).

A court also has authority to dismiss a case for want of prosecution or for failure to comply with a court order. *See* Rule 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). Dismissal with prejudice is appropriate, however, only if the failure to comply with the court order is the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

B

Capital One and Moore recount distinctly different versions of what has occurred during discovery in this case. *Compare* D. Br. 3-10 *with* P. Br. 5-10. But even if the court assumes that Moore failed to fully and diligently comply with her discovery obligations—including with the magistrate judge's August 6, 2015 order granting Capital One's motion to compel discovery responses[5] and the court's November 16, 2015 order directing Moore to fully and completely supplement her discovery responses[6]—she has not engaged in conduct that warrants the extreme sanction of dismissal. Moore has served discovery responses, supplemented her discovery responses at least twice, and attended and

---

[5]The magistrate judge ordered Moore to fully respond to certain of Capital One's interrogatories and requests for production by "no later than August 25, 2015," and she noted that "[f]ailure to do so could result in a finding of contempt, monetary sanctions, and/or the dismissal of this case." Aug. 6, 2015 Order at 3 (Toliver, J.) (bold font omitted).

[6]In response to the parties' joint emergency motion for continuance and motion to allow defendant to resume plaintiff's deposition and take additional necessary discovery outside the discovery period , the court ordered Moore "to fully and completely supplement her discovery responses by November 24, 2015 in accordance with the court's [August 6, 2015] Order Granting Defendant's Motion to Compel." Nov. 16, 2015 Order at 1 (Fitzwater, J.).

provided information during her October 29, 2015 deposition (before it was cut short due to Moore's having chest pains and shortness of breath). Although Capital One complains about Moore's failure, on several occasions, to fully disclose responsive information, it appears that Capital One has now obtained substantially all of the information it sought: it has not received "documentation relating to the benefits [Moore] has received or been entitled to since the termination of her employment." D. Br. 9.[7] Moore's counsel represented that Moore "is answering [Capital One's discovery requests] to the best of her ability," P. Br. 4, and there is no indication that she has willingly or in bad faith refused to comply with the court's August 6, 2015 or November 16, 2015 order. Nor is there any suggestion that Moore's alleged failure to cooperate with Capital One's discovery requests is the result of purposeful delay or contumacious conduct. Accordingly, the court concludes that Moore's conduct during discovery does not warrant the extreme sanction of dismissal of her claims with prejudice, and it denies Capital One's motion to the extent it seeks this relief.

III

Capital One also requests that the court order Moore to fully and completely amend/supplement her discovery responses and warn her that any failure to do so will result in the immediate dismissal of her case with prejudice. Moore does not appear to oppose

---

[7] Capital One asserts that it has "reason to believe, based on Plaintiff's past conduct, that her discovery responses remain incomplete and deficient," D. Br. 9, but it does not point to any specific responsive information that it believes Moore possesses but is withholding from Capital One. Moore's counsel represented in response to Capital One's motion that Moore "is answering [Capital One's discovery requests] to the best of her ability and has delivered a series of authorizations for the release of records." P. Br. 4.

Capital One's request. *See* P. Br. 4 ("With the exception of Defendant's request for dismissal and/or sanctions, all relief sought by [Capital One] was agreed prior to Defendant's preparation of said motion."). Accordingly, the court orders Moore to fully and completely amend/supplement her discovery responses, and it warns her that any failure to do so will result in the immediate dismissal of her case with prejudice.

IV

Capital One requests that the court allow Capital One to resume Moore's deposition outside the discovery period and conduct discovery on any additional information revealed during Moore's deposition or supplemental discovery responses, including obtaining relevant third-party records and producing additional documents; extend the summary judgment and other motions deadline; and continue the current trial setting.

On June 22, 2016 the court in addressing Capital One's separate, unopposed alternative motion for continuance reset trial of this case to the two-week docket of February 6, 2017, continued all unexpired deadlines by 120 days, reset the dispositive motion deadline to September 20, 2016, and permitted Capital One to resume and complete Moore's deposition. In light of that order, it appears that Capital One's pertinent requests are moot. Accordingly, the court denies these requests without prejudice. If, after Capital One completes Moore's resumed deposition, it has a basis to request leave to seek additional discovery, Capital One can seek such additional discovery by agreement with Moore or by motion.

V

Capital One requests that the court award it reasonable and necessary attorney's fees incurred in preparing and filing the instant motion, in preparing and filing its May 19, 2015 motion to compel discovery responses and in taking Moore's deposition on October 29, 2015 (including, court reporter costs and expenses).

Under Rule 37(b)(2)(C), if a party fails to comply with a court order regarding discovery, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Under the specific circumstances of this case, the court concludes that its assessment of whether Moore's failure was substantially justified, or whether there are other circumstances that make an award of expenses unjust, will be enhanced if it considers Moore's conduct in the broader context of the entire case. So that the court can properly evaluate Capital One's attorney's fees request in this broader context, the court carries it with the case. If, after the trial Capital One still seeks this relief, it must renew its motion no later than the deadline prescribed by Rule 54(d)(2)(B)(i).

\*   \*   \*

For the foregoing reasons, Capital One's motion to dismiss is denied, its motion to compel is granted, its motion for a continuance is denied as moot, and its motion for sanctions is carried with the case.

**SO ORDERED**.

July 13, 2016.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE